IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-cr-30081 |
| ) | |
| EDDIE D. SIMS, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Defendant Eddie D. Sims's Motion to Dismiss Indictment. Def.'s Mot. Dism., d/e 32. Mr. Sims argues that, under N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), the statutes underlying his two-count Indictment violate the Second Amendment on their faces and as applied to him. Mr. Sims's motion is DENIED.

### I. BACKGROUND

On December 6, 2022, a grand jury indicted Mr. Sims on two firearms charges. See Indictment, d/e 1. Count I charges that Mr. Sims transferred a .22-caliber semiautomatic handgun to Darius Buerkett, a prohibited person, in violation of 18 U.S.C. § 922(d)(1).

Id. at 1.  Count II alleges that Mr. Sims aided and abetted Mr. Buerkett's unlawful possession of that firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.  Id. at 2.

Mr. Sims now moves to dismiss the Indictment.

## II. LEGAL STANDARD

A motion brought under Federal Rule of Criminal Procedure 12(b)(3) challenges the legal sufficiency of an indictment.  United States v. Moore, 563 F.3d 583, 585. (7th Cir. 2007).  "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."  Id. at 586 (citation omitted).  The sole operative question is "whether it's possible to view the conduct alleged" in an indictment as a violation of a valid federal criminal law.  See id.

Mr. Sims moves to dismiss his Indictment by raising facial and as-applied constitutional challenges to §§ 922(d)(1) and 922(g)(1). An as-applied challenge contends that a law or regulation "is unconstitutional as applied to a plaintiff's specific activities even though it may be capable of valid application to others."  Surita v. Hyde, 665 F.3d 860, 875 (7th Cir. 2011).  By contrast, a facial challenge asserts that the challenged law or regulation "is wholly

invalid" in all applications and so "cannot be applied to anyone." Ezell v. City of Chicago, 651 F.3d 684, 698 (7th Cir. 2011).

### III. DISCUSSION

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Dist. of Columbia v. Heller, the Supreme Court held that the Second Amendment guarantees "law-abiding, responsible citizens" the right to possess a handgun in the home for self-defense. 554 U.S. 570, 634 (2008); see also McDonald v. City of Chicago, Ill., 561 U.S. 74 (2010) (incorporating against the states this understanding of the Second Amendment). And in Bruen, the Court extended that right "outside the home." 142 S. Ct. at 2122.

Bruen also announced a new analytical mode for evaluating the constitutionality of a firearm regulation. Before Bruen, the courts of appeals had "coalesced around a 'two-step' framework." Id. at 2125. At the first step, a court considered whether the target of the regulation fell within the Second Amendment's "original scope." If so, the court subjected the regulation to means-ends scrutiny; if not, the analysis ended there. E.g., Kanter v. Barr, 919

F.3d 437, 441 (7th Cir. 2019). The Bruen Court, however, found that this approach involved "one step too many." Bruen, 142 S. Ct. at 2127. Instead, as Justice Thomas wrote for the majority,

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

Id. at 2129–30.

**A. Mr. Sims's As-Applied Challenges Fail.**

Mr. Sims attacks 18 U.S.C. §§ 922(d)(1) and 922(g)(1) as unconstitutional on their faces and as applied to him. Ordinarily, the appropriate response to a dual challenge like Mr. Sims's is to consider the as-applied challenge first. Bd. of Trustees of State Univ. of New York v. Fox, 492 U.S. 469, 485 (1989); see also Berron v. Ill. Concealed Carry Licensing Rev. Bd., 825 F.3d 843, 846 (7th Cir. 2016) ("[T]he Supreme Court insists that, with few exceptions, statutes and regulations be evaluated in operation ('as applied') rather than peremptorily."). After all, a statute "may be invalid as

applied to one state of facts and yet valid as applied to another." Dahnke-Walker Milling Co. v. Bondurant, 257 U.S. 282, 289 (1921).

The "state of facts" here, however, is nonexistent. Neither Mr. Sims nor the Government has provided even a barebones set of factual stipulations. Instead, the essential elements of Mr. Sims's charges—indeed, all the elements—await testing at trial. Given the constraints imposed by the Federal Rules of Criminal Procedure, which limit pretrial motions to those that "can be determined without a trial on the merits," the Court must decline Mr. Sims's invitation to find either of the challenged statutes unconstitutional as applied to him. See Fed. R. Crim. P. 12(b)(3); see generally United States v. Pope, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.) (declining to resolve as-applied Second Amendment challenge to Section 922(g)(9) because it necessitated analyzing whether "the statute is unconstitutional only in light of the 'facts surrounding the commission of the alleged offense'—the very facts a court may not consider before trial").

**B. Mr. Sims's Facial Challenges Fail at Bruen's First Prong.**

The Court turns next to Mr. Sims's facial challenges to 18 U.S.C. §§ 922(d)(1) and 922(g)(1). The first of Bruen's two prongs

asks whether "the Second Amendment's plain text covers" the challenger's admitted or alleged conduct. Bruen, 142 S. Ct. at 2127. The Government argues that Mr. Sims's motion falters here. See Gov.'s Resp., d/e 39, at 18–24. The Court agrees.

The plain text of the Second Amendment safeguards "the right of the people to keep and bear Arms." See U.S. Const. amend. II. The Court need not grapple with the thorny question whether "the people" includes those previously convicted of a felony offense, since Mr. Sims is not among them. Rather, the Court's analysis begins and ends with the question of Mr. Sims's conduct.

Mr. Sims is accused of transferring a firearm to Darius Buerkett, a prohibited person. Mr. Sims also faces a derivative charge of aiding and abetting Mr. Buerkett's possession of the firearm. Neither alleged course of conduct finds shelter in the plain text of the Second Amendment, for giving away a gun definitionally excludes "keeping" or "bearing" it. In Heller, the Supreme Court concluded—after consulting a litany of Framing-era dictionaries—that "the most natural reading of 'keep Arms' in the Second Amendment is to 'have weapons.'" Heller, 554 U.S. at 582. As for "bear[ing] . . . Arms," the Heller Court divined "a meaning that

refers to carrying [a firearm] for a particular purpose—confrontation." Id. at 584. Applying these definitions here leads inexorably to one result: a gun cannot be "kept" or "borne" by one person if it is in some manner surrendered to another. Mr. Sims's alleged conduct, therefore, is not entitled to the Second Amendment's presumptive protection.

### IV. CONCLUSION

For these reasons, Defendant Eddie D. Sims's Motion to Dismiss Indictment (d/e 32) is DENIED.

**IT IS SO ORDERED.**

**ENTERED: OCTOBER 13, 2023**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**